**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 805-8340
Fax: (702) 805-8340
*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| WEBB HILL, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>WYNN RESORTS, LIMITED d/b/a Encore Las Vegas, a Domestic Corporation,<br><br>Defendant. | CASE NO.:<br><br>**COMPLAINT AND JURY DEMAND** |

The Plaintiff Tanya Mayfield ("**Mr. Hill**" or "**Plaintiff**") by and through his attorneys, Jenny L. Foley, Ph.D., Esq. of HKM Employment Attorneys LLP, hereby complains and alleges as follows:

### JURISDICTION

1. This is an action for damages brought by Plaintiff for unlawful workplace discrimination and retaliation based on retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.*; for retaliation under the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §12101 *et. Seq.*; for retaliation under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, et seq.; for violation of Nevada Revised Statute §613.330 *et seq.*; and for certain claims brought pursuant to the Nevada Revised Statutes as outlined below.

///

2. This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a) (4) (civil rights action) and 42 U.S.C. §2000e-5(f)(3) (unlawful discrimination and retaliation in employment). Additionally, this Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. § 1367.

3. All material allegations contained in this Complaint are believed to have occurred in Clark County, Nevada. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDY

4. On or about October 24, 2020, Plaintiff initiated the process of filing a Charge of Discrimination against his employer, the Defendant named in this action with the Nevada Equal Rights Commission ("NERC") wherein he alleged discrimination based on age and disability.

5. On or about August 30, 2021, Plaintiff received his Notice of Right to Sue from the NERC.

6. On or about September 17, 2021, Plaintiff received his Notice of Right to Sue from the US Equal Employment Opportunity Commission.

7. This action is timely filed pursuant to 42 U.S.C. § 2000e-5(f)

8. Plaintiff has exhausted his administrative remedy on all claims pled hereunder prior to filing this action with this Court.

## GENERAL ALLEGATIONS

9. Plaintiff hereby repleads, re-alleges and incorporates by reference each previous allegation contained in the preceding paragraphs, as though fully set forth herein.

10. Plaintiff is a United States citizen and current resident of Clark County, Nevada.

11. Defendant WYNN RESORTS, LIMITED d/b/a Encore Las Vegas (hereinafter "**Encore**" or "**Defendant**") is a domestic corporation and an employer in the State of Nevada.

12. At all times relevant to this matter, Defendant had over 500 employees, and is therefore subject to the provisions of ADA and ADEA.

13. Plaintiff was 56 years old at the time of the events alleged herein.

14. Plaintiff began working for Defendant as a Utility Porter in 2005.

15. On or about April 3, 2019, Defendant received a completed ADA request form from one of Plaintiff's physicians.

16. The ADA request form stated that Plaintiff had asthma and anxiety, which limited Plaintiff's ability to perform manual tasks, his ability to think/concentrate, and limited his breathing.

17. Because of Plaintiff's underlying medical conditions, Plaintiff had to occasionally take leave intermittently.

18. On or about April 12, 2019, Plaintiff received his certificate of disability from his physician that stated that he was unable to work from September 15, 2019, until July 15, 2019.

19. Defendant knew that Plaintiff's FMLA was necessitated by an ongoing disability as it had previously granted Plaintiff intermittent FMLA due to an ongoing medical issue.

20. Thereafter, Plaintiff did work not on November 14, 2019; December 27, 2019; January 7, 2020; and January 9, 2020, because he was on FMLA leave during this time.

21. Nevertheless, Defendant improperly imposed negative attendance points on Plaintiff for these days.

22. Moreover, according to Plaintiff's "Call Outs" log, which Defendant prepares and maintains, for each one of these dates, the log states that the reason for the absence was "[a] health related condition for yourself or a member of your immediate family."

23. Not only was Plaintiff on FMLA for these dates, but Plaintiff also called into Defendant's automated system to ensure that Defendant knew that he was out those days.

24. However, because it is an automated system, Plaintiff did not speak to a human being and only relayed the information to the recording system.

25. Upon information and belief, it was a well-known fact that the recording system was not always reliable as some messages were not properly transferred from the recording

1 system to Defendant and the timestamps for the calls were often inaccurate.

2       26.      In mid or late January of 2020, Plaintiff checked his attendance points on
3 Defendant's website to find that he had somehow accumulated six (6) points against him.

4       27.      Three of these points were due to "short calls," which occurs when an employee
5 calls in absent when their shift had already started.

6       28.      Upon information and belief, these "short call" points were a result of the
7 automated system recording Plaintiff's timestamp inaccurately, especially because Plaintiff was
8 on leave.

9       29.      After Plaintiff saw his attendance points, he immediately contacted his managers
10 about the incorrect points to have them removed.

11       30.      Upon information and belief, after a few weeks, Plaintiff's supervisor informed
12 him that he had accumulated six points and was given a written warning.

13       31.      Upon information and belief, Plaintiff protested the written warning as he had
14 been on FLMA leave and should not have been assigned any points.

15       32.      After this meeting, in February 2020, Plaintiff went to Human Resources and
16 met with the Employee Relations Counselor, Salma Paz, to report the improper points and the
17 subsequent written warning.

18       33.      Thereafter, Plaintiff and his Union Representative met with Ms. Paz and, upon
19 information and belief, the parties made an agreement that all of the points would be removed,
20 including the "short call" points, after Plaintiff submitted a physician's medical certificate.

21       34.      Plaintiff had the medical certificates with him during the meeting and provided
22 them to Ms. Paz.

23       35.      However, despite Plaintiff's full compliance, Defendant never removed
24 Plaintiff's improper points, despite its agreement to do so.

25       36.      On or about September 1, 2020, Plaintiff was experiencing symptoms of Covid-
26 19 and had potentially contracted the virus.

27       37.      Accordingly, Plaintiff promptly reported that he could potentially have Covid
28 and that he could not work on the designated Covid section of Defendant's website.

38. Plaintiff was later informed by Ms. Paz that he should have also called in to the automated system to call out sick.

39. Plaintiff replied that Covid had changed many things and that he thought the point of the Covid section of the website was to specifically report absences specifically related to Covid, including the fact that he had symptoms and could be positive for the virus.

40. Despite Plaintiff's explanation and report on the website, Defendant stated that his absence would be considered a no call, no show.

41. Shortly thereafter, on or about September 11, 2020, Defendant terminated Plaintiff because he had ostensive accumulated too many absence points.

42. However, Plaintiff had only accumulated an excess number of points because Defendant never removed the previous points that it had improperly given Plaintiff and agreed to remove.

43. Upon information and belief, these employees who were not terminated had not taken FLMA leave and/or were not of protected class as an individual over the age of 55 as well as an individual with a disability.

44. In addition, upon information and belief, several other employees who had not used FMLA but had accrued seven points or more were not terminated.

45. Defendant's actions toward Plaintiff are a violation of the provisions of the FMLA.

46. In addition, Defendant purposefully frustrated the interactive process required by the ADA by counting his absences against him when in fact granted leave.

**FIRST CAUSE OF ACTION**

**(Discrimination Based on Disability in violation of State and Federal Statutes)**

47. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

48. Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on disability or a combination thereof.

49. At all relevant times, Plaintiff had a qualifying disability: asthma and anxiety.

50. Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on disability.

51. Defendant as an employer is subject to Nevada and federal statutes prohibiting discrimination, NRS 613.330 et. seq., Americans with Disabilities Act, 42 U.S.C. ch. 126 § 12101 et seq., and thus, has a legal obligation to provide Plaintiff with a work environment free from discrimination and harassment.

52. Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiff by knowingly taking adverse employment actions against Plaintiff while he was properly on leave for his disability.

53. No other similarly situated persons, not of Plaintiff's protected class were subject to the same or substantially similar conduct.

54. Plaintiff suffered adverse economic impact due to Defendant's discriminatory behavior and termination.

55. Plaintiff was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against him.

56. Plaintiff suffered compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, increased anxiety, and depression resulting from this unlawful discrimination by his employer.

57. Plaintiff is entitled to be fully compensated for his emotional disturbance by being forced to endure this discrimination.

58. Pursuant to 1991 Amendments to Title VII, Plaintiff is entitled to recover punitive damages for Defendant's intentional repeated violations of federal and state civil rights laws.

59. Plaintiff suffered damages in an amount deemed sufficient by the jury.

60. Plaintiff is entitled to an award of reasonable attorney's fees.

61. Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of his race and disability.

62. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

## SECOND CAUSE OF ACTION

**(Discrimination in Violation of the ADEA, 29 U.S.C. § 631 *et. seq.* and State Law State Law, NRS 613.340))**

63. Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

64. Defendant violated 29 U.S.C. § 631 et. seq., by discriminating against Plaintiff because of Plaintiff's age.

65. Defendant engaged in age discrimination in violation of 29 U.S.C. § 631 when Defendant counted his absences against Plaintiff because of his age.

66. Plaintiff was over the age of 40 at the time he applied for and took FMLA and was provided accommodations for his disability.

67. After failing to remove the improper attendance points, Defendant continue to retaliate against Plaintiff on the basis of age by constantly harassing him regarding his ongoing disability and leave that was related to his age.

68. In addition, Plaintiff had properly informed Defendant of the absences, which Defendant failed to properly resolved when it had, upon information and belief, done so for individuals who were not of Plaintiff's age.

69. Plaintiff may be unaware of additional detrimental acts constituting discrimination and retaliation in that it harmed him in the workplace.

70. Due to its illegal actions, Defendant must pay damages in an amount to be determined at trial for back pay, front pay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

71. Because Defendant is guilty of oppression, fraud or malice, express or implied, Defendant must pay Plaintiff an additional amount for the sake of example and by way of punishment.

72. Plaintiff has had to obtain the services of an attorney to protect his rights and secure compensation for the damages incurred when Defendant violated Plaintiff's civil rights, and therefore, he is entitled to recover reasonable attorney's fees against Defendant.

### THIRD CAUSE OF ACTION

**(Retaliation under Federal Law, 42 U.S.C. § 2000e-3, 29 U.S.C. §631 et. seq. and State Law, NRS 613.340)**

73. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

74. In violation of 42 U.S.C § 200e-3, Defendant retaliated against Plaintiff after he complained of acts which he reasonably believed were discriminatory.

75. In violation of NRS 613.340 Defendant retaliated against Plaintiff after he complained of acts, which he reasonably believed were discriminatory.

76. Plaintiff reported that he was being warned and then terminated for taking FMLA leave, and after his report he was retaliated against by having his next excused absences counted against him, which lead to his termination.

77. There may be more detrimental acts of which Plaintiff is unaware which may also constitute retaliation in that it harmed Plaintiff.

78. The actions and conduct by Defendant constitute illegal retaliation which is prohibited by federal and state statutes.

79. Plaintiff suffered damages in an amount deemed sufficient by the jury.

80. Plaintiff is entitled to an award of reasonable attorney's fees.

81. Defendant is guilty of oppression, fraud or malice, express or implied because Defendant knowingly and intentionally retaliated against Plaintiff because she submitted a complaint of racial discrimination with the general manager.

82. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

///

## FOURTH CAUSE OF ACTION

**(Family Medical Leave Act Retaliation – 29 U.S.C. § 2615, *et. seq.*)**

83. Plaintiff hereby expressly incorporates any and all allegations in the previous paragraphs as though set forth herein.

84. Plaintiff engaged in statutorily protected conduct by requesting and utilizing the leave he is entitled to under FMLA.

85. Plaintiff suffered an adverse employment action in the form of being terminated from his employment.

86. Plaintiff's termination was causally connected to his requesting and utilizing the leave he is entitled to under FMLA.

87. As a result of Defendant's actions, Plaintiff has been deprived of his customary earnings, commissions, bonuses, and/or other employment related benefit.

88. As a result of the willful and deliberate actions of Defendant and pursuant to 29 U.S.C. § 2617(a)(1)(A)(ii) and (iii), Plaintiff is entitled to liquidated damage.

89. As a result of Anderson's actions and pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to recover the reasonable fees and costs incurred in retaining legal counsel. to bring the instant action.

## FIFTH CAUSE OF ACTION

**(Retaliation in Violation of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, et seq.)**

90. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

91. Defendant operates in interstate commerce and have over 50 employees within a 75-mile radius of the location where Plaintiff was employed. Defendant is therefore "covered employer(s)," as defined as 29 U.S.C. § 2611(4) under the FMLA.

92. Plaintiff availed himself of a protected right under the FMLA by taking FMLA leave for his serious health conditions.

93. Plaintiff was then terminated after Defendant counted his FMLA absences

against Plaintiff, despite Defendant approving it.

94. Defendant's violations of the FMLA were willful and without justification.

95. Defendant's above-described conduct and violations of the FMLA were done with malice, oppression, and with a conscious disregard for Plaintiff's rights under the FMLA.

96. Plaintiff is entitled to damages equal to his lost wages, salary, employment benefits and other compensation denied or lost, liquidated damages as provided under the FMLA, costs, attorneys' fees, interest, and equitable relief as deemed appropriate.

## SIXTH CAUSE OF ACTION

**(Intentional/Negligent Infliction of Emotional Distress)**

97. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

98. Defendant's conduct toward Plaintiff was extreme and outrageous and caused significant emotional harm, headaches, sleeplessness and various physical and mental distress.

99. Defendant's conduct was extreme, outrageous, and undertaken with either intent or, reckless disregard for causing Plaintiff emotional distress.

100. Defendant had a duty to refrain from engaging in the hostile and retaliatory acts as described above.

101. Defendant breached that duty.

102. Defendant's intentional or negligent conduct was the legal, actual, proximate cause of Plaintiff's extreme and/or severe emotional distress by engaging in the conduct described herein.

103. Defendants must pay damages in an amount to be determined at trial but exceeding $25,000 for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life because they engaged in illegal actions.

104. Because Defendants are guilty of oppression, fraud or malice, express or implied, Defendants must pay Plaintiff an additional amount for the sake of example and by way of punishment.

105. Plaintiff has had to obtain the services of an attorney to protect his rights and

secure compensation for the damages incurred as a result of these violations and therefore, he is entitled to recover reasonable attorney's fees against Defendants.

**WHEREFORE,** Plaintiff prays this court for:

a. A jury trial on all appropriate claims;

moreover, to enter judgment in favor of the Plaintiff by:

b. Awarding Plaintiff an amount sufficient to fully compensate him (including tax consequences) for all economic losses of any kind, and otherwise make his whole in accordance with the Americans with Disability Act, the Family Medical Leave Act, the Age Discrimination in Employment Act, and for certain claims brought pursuant to the Nevada Revised Statutes;

c. General damages;

d. Special damages;

e. An award of compensatory and punitive damages to be determined at trial;

f. Liquidated damages in accordance with the FMLA;

g. Pre- and post-judgment interest;

h. An award of attorney's fees and costs; and

i. Any other relief the court deems just and proper.

Dated on this 29 Day of November, 2021.

                                                **HKM EMPLOYMENT ATTORNEYS, LLP**

                                                */s/ Jenny Foley*
                                                **JENNY L. FOLEY, Ph.D., Esq.**
                                                Nevada Bar No. 9017
                                                1785 East Sahara, Suite 300
                                                Las Vegas, Nevada 89104
                                                Tel: (702) 805-8340
                                                Fax: (702) 805-3893
                                                E-mail: jfoley@hkm.com
                                                *Attorneys for Plaintiff*