JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Email: joshua.sliker@jacksonlewis.com

*Attorneys for Defendant*
*Wynn Resorts, Limited*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WEBB HILL, an individual,<br><br>    Plaintiff,<br><br>  vs.<br><br>WYNN RESORTS, LIMITED d/b/a Encore Las Vegas, a Domestic Corporation,<br><br>    Defendant. | Case No. 2:21-cv-02113-GMN-DJA<br><br>**DEFENDANT'S MOTION TO EXTEND DEADLINE TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT**<br><br>**(FIRST REQUEST)** |

Defendant Wynn Resorts, Limited ("Defendant" or "WRL") by and through its counsel, the law firm of Jackson Lewis P.C., hereby brings the instant Motion to Extend the Deadline for Defendant to Answer or Otherwise Respond to Plaintiff's Complaint, to January 31, 2022. This Motion is based on the following:

1. This is the first request for an extension of time for Defendant to file its answer or otherwise respond to Plaintiff's Complaint (ECF No. 1).

2. The undersigned counsel is working to ascertain whether the Summons and Complaint have been properly served on Defendant and if so, the date of such service. Currently, counsel has information indicating that service may have occurred on December 9, 2021 or on or sometime after December 20, 2021. Thus, it is unclear if the deadline to answer or respond has already passed or approaching imminently. As such, Defendant brings the instant motion for an extension of time out of an abundance of caution.

3. The undersigned counsel attempted to contact Plaintiff's counsel on December 30, 2021, January 3, 2022, and January 6, 2022 to discuss service and the deadline for responding to the Complaint, and also to advise that Plaintiff had sued incorrect entity and to request filing of an

Amended Complaint to correct this. Plaintiff sued Wynn Resorts, Limited, which is the parent company of Plaintiff's actual employer, Wynn Las Vegas, LLC. Defendant's Counsel did so in an attempt to expeditiously resolve the issue and avoid causing the parties to incur time and expenses associated with motion practice to ensure the correct party was before the Court. *See* FRCP 1.

4. To date, Defendant's Counsel has been unable to reach Plaintiff's Counsel. However, Defendant's Counsel has contacted Plaintiff's Counsel's office and learned that counsel is out of the country attending to a terminally ill relative and is having a difficult time accessing emails.

5. Accordingly, in light of the uncertainty regarding the response deadline, the need to give Plaintiff's Counsel's time to attend to personal matters and review and consider the information regarding the correct defendant, and to avoid having the parties incur the time and expense of motion practice and burden the Court with the same, Defendant submits that these circumstances constitute good cause to extend the time for Defendant to answer or otherwise respond to Plaintiff's Complaint to January 31, 2022.

6. Under FRCP 6(b)(1), good cause is not a rigorous or high standard, and courts have construed the test broadly. *Ahanchion v. Kenan Pictures*, 624 F.3d 1253 (9th Cir. 2010). Rule 6(b) "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983); *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Of course, courts should not mindlessly enforce deadlines.").

7. Further, FRCP 6(b)(1)(B) provides that the Court may, for good cause, extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect." *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership* sets forth a four-part balancing test for considering whether there has been "excusable neglect": (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. 507 US. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). While *Pioneer* involved the Federal Rule of

Bankruptcy Procedure 9006(b)(1), the Court made clear that the test would also apply to Fed. R. Civ. P. 6(b)(1)(B). *Id.* at 391-92, 395; *see Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009). The weighing of *Pioneer's* equitable factors is within the discretion of the district court. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

8. Here, to the extent the deadline to answer or otherwise respond to Plaintiff's Complaint has passed, excusable neglect exists sufficient to grant the extension. There is no danger of prejudice to Plaintiff or impact on judicial proceedings because this matter is in its infancy with the Complaint having been filed on November 29, 2021 and Summons issued on December 1, 2021. ECF Nos. 1 and 6. Discovery has not opened. Further, given that Plaintiff has sued the incorrect party, there is no prejudice in not having an answer or other response filed within a certain time period by that incorrect party. The delay, at worst is thirteen days (if December 9th is the correct date of proper service), possibly one day (if December 20th is the correct date of proper service), or no delay if the date of proper service is after December 20th. As it is presently unclear which date proper service was in fact effectuated, Defendant would only be speculating as to which date its answer or other response was due. In any event, Defendant has acted in good faith regarding these circumstances as Defendant is (a) attempting to ensure Plaintiff has sued the correct entity, (b) secure filing of an amended complaint naming the correct entity, and (c) avoid causing the parties to incur the time and expense of motion practice if no amended complaint was filed, and to otherwise burden the court with such motion, which would be coupled with a motion to stay discovery pending decision, and if granted, would bring this case to a standstill while the Court considered the merits of the motion to dismiss. In other words, Defendant is attempting to resolve these issues in the most efficient, expeditious and cost-effective manner possible in line with the requirements of FRCP 1.

9. Accordingly, Defendant respectfully requests the Court to enter an order extending the time in which to answer or otherwise respond to Plaintiff's Complaint to January 31, 2022.

///

///

///

10. Furthermore, this request for an extension of time to file Defendant's answer or otherwise response to Plaintiff's Complaint is made in good faith and not for the purpose of delay, and Defendant does not intend to waive any claim, defense, or argument in making this Motion.

DATED this 11th day of January, 2022.

JACKSON LEWIS P.C.

*/s/ Joshua A. Sliker*
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101

*Attorneys for Defendant*

**ORDER**

**IT IS SO ORDERED.**

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: January 12, 2022

JACKSON LEWIS P.C.
LAS VEGAS

4