UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Webb Hill,<br><br>                    Plaintiff<br><br>v.<br><br>Wynn Las Vegas, LLC, et al.,<br><br>                    Defendants | Case No.: 2:21-cv-02113-CDS-DJA<br><br>**Order Denying Plaintiff's Motion for Relief and Motion for Entry of Default Judgment/Default**<br><br>[ECF Nos. 60, 61] |

Plaintiff Webb Hill, appearing pro se, moves the court for entry of a default judgment against defendant Wynn Las Vegas (the Wynn), and seeks a general request for relief. I find these motions suitable for disposition without a hearing. Fed. R. Civ. P. 78; LR 78-1. After consideration of the moving papers and applicable law, I deny both motions for the reasons stated below.

**I.    Motion for relief**

Hill filed a one-page motion for relief "based on present evidence filed in [the instant] case." ECF No. 60. He requests that the "court look[] at several factors number one prevailing on the merits showing irreparable injury to [him] if not granted . . ." *Id.* While a pro se litigant's submissions are "to be liberally construed, and . . . must be held to less stringent standards than formal pleadings drafted by lawyers[,]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), pro se litigants still "are not excused from following court rules." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997). Hill has failed to support his motion for relief with a memorandum of points and authorities. *See generally* ECF No. 60. This district's local rules require all motions to be supported

by a memorandum of points and authorities. LR 7-2(a). "The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." LR 7-2(d). Even liberally construing Hill's motion, it is unclear what relief he seeks, or to the extent he seeks injunctive relief, how he may support issuance of any injunction. Hill's failure to file a coherent memorandum of points and authorities in support of his motion constitutes a consent to the denial of the motion under Local Rule 7-2(d). Therefore, I deny Hill's motion for relief.

## II. Motion for entry of default judgment

When initially represented by counsel in this action, Hill filed a complaint alleging unlawful workplace discrimination and retaliation. ECF No. 1. The proof of service, dated December 9, 2021, demonstrates that the Wynn was served with a copy of the summons and complaint. ECF No. 9-1. The Wynn made its first appearance on January 11, 2022, seeking an extension of time to answer Hill's complaint. ECF No. 7. After being granted several extensions of time to respond, the Wynn filed its answer to Hill's amended complaint. ECF No. 29. Although Hill's motion is titled "Motion to Entry Default Judgment[,]" upon review, much of the substance of his filing is essentially a motion to compel responses to subpoenas. *See generally* ECF No. 61. Hill has already moved thrice to compel compliance with his subpoenas and decisions on those motions remain pending. ECF Nos. 49, 54, 55. The Wynn responded to those motions (ECF Nos. 56-59); it seems that, rather than file replies to the Wynn's responses, Hill has instead filed the instant motion for default judgment.

Under the Federal Rules of Civil Procedure, a party must file a responsive pleading within twenty-one days after being served with a summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Under Rule 55, "[w]hen a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default

judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (citation and internal quotes omitted). Here, as evidenced from the filings, defendant Wynn has appeared in this case and has filed a responsive pleading; therefore, default judgment is not appropriate.

Accordingly, IT IS THEREFORE ORDERED that plaintiff's motion for relief **(ECF No. 60) is DENIED.**

IT IS FURTHER ORDERED that plaintiff's motion for entry of default judgment **(ECF No. 61) is DENIED.**

DATED: October 17, 2022

_____
Cristina D. Silva
United States District Judge

3