UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Webb Hill, | Case No. 2:21-cv-02113-CDS-DJA |
| Plaintiff, | |
| v. | **Order** |
| Wynn Resorts, Limited d/b/a Encore Las Vegas, | |
| Defendant. | |

Before the Court are *pro se* Plaintiff Webb Hill's motions to compel compliance with subpoenas (ECF Nos. 49, 54, 55, and 64). Defendant responded to Plaintiff's motions. (ECF Nos. 56, 58, 59). A response is not yet due to Plaintiff's most recent motion. (ECF No. 64).[1] Plaintiff has not filed replies to Defendant's responses. Because Plaintiff's motions are procedurally improper, the Court denies them.

Although under Federal Rule of Civil Procedure 45(3), the "clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it," Plaintiff has been misusing subpoenas in this case for two reasons.[2] First, discovery has not yet started in this case. In its responses to Plaintiff's motions, Defendant points out that it has prepared a discovery plan and scheduling order for Plaintiff's review, but that Plaintiff has not responded. (ECF No. 56 at 5). Plaintiff has

---

[1] Plaintiff's most recent motion also appears to include a request for the Honorable District Judge Cristina D. Silva to recuse. (ECF No. 64). But Plaintiff's motion is filed only as a motion to enforce his subpoena. Under Local Rule IC 2-2(b), "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." Moreover, Plaintiff has provided no factual reasons or legal authority for his request. The Court does not address this request.

[2] Defendant has made other arguments regarding the formatting, lack of points and authorities, and propriety of filing discovery papers on the docket. (ECF No. 56). However, because the Court denies Plaintiff's motions on other grounds, it does not reach these arguments.

not replied to this assertion and there is no discovery plan and scheduling order on the docket. Because discovery has not yet officially started, Plaintiff's motions to compel are premature.

Second, Plaintiff has not demonstrated that he has met and conferred with Defendant or attempted to submit discovery requests to Defendant, rather than subpoenas. Under Local Rule 26-6, "[d]iscovery motions will not be considered unless the movant (1) has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motions, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Additionally, "[s]ubpoenas can only request presence at a deposition or the production of documents from *nonparties*." *AAA v. Clark County School District*, No. 2:20-cv-00195-JAD-BNW, 2022 WL 293236, at *5 (D. Nev. Feb. 1, 2022) (emphasis added). On the other hand, requests for production under Federal Rule of Civil Procedure 34, interrogatories under Rule 33, and requests for admission under Rule 36 are appropriately directed to parties in a litigation.

These two issues demonstrate to the Court that there is a lack of communication between Plaintiff and Defendant. Plaintiff is reminded that, despite his *pro se* status, he is held to the same rules of procedure as attorneys. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). He must communicate with Defendant's counsel to stipulate to a discovery plan and scheduling order. And he must meet and confer with Defendant's counsel and comply with Local Rule 26-6 before bringing any future discovery motions.

However, the Court declines to grant Defendant's request for attorneys' fees, raised in its responses. (ECF Nos. 56, 58, and 59). Although the Court agrees with Defendant that Plaintiff has failed to meet and confer and has filed duplicative motions, it appears that Plaintiff is confused about the process, rather than maliciously abusing it. The Court thus finds that an award of expenses would be unjust at this stage. *See* Fed. R. Civ. P. 37(a)(5)(B) ("the court must not order this payment if the motion [to compel] was substantially justified or other circumstances make an award of expenses unjust."). Nonetheless, "[t]he Court reminds plaintiff that even though he is representing himself in this action pro se, he is subject to Rule 11 of the Federal

Rules of Civil Procedure and also subject to the Court's inherent power to sanction misconduct by parties or attorneys who appear before the Court." *Hussein v. Ersek*, No. 3:07-cv-0056-LRH-VPC, 2010 WL 144376, at *3 (D. Nev. Jan. 8, 2010).

**IT IS THEREFORE ORDERED** that Plaintiff's motions to compel compliance with and enforce his subpoenas (ECF Nos. 49, 54, 55, and 64) are **denied.**

**IT IS FURTHER ORDERED** that the parties shall have until **November 28, 2022** to file a stipulated discovery plan and scheduling order.

DATED: October 28, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE