# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Webb Hill,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>Wynn Resorts, Limited d/b/a Encore Las Vegas,<br><br>　　　　　　　　Defendant. | Case No. 2:21-cv-02113-CDS-DJA<br><br>**Order** |

　　　　Before the Court is *pro se* Plaintiff Webb Hill's proposed subpoena (ECF No. 66), motion regarding "new discoveries and parties" (ECF No. 68), and motion "to request meeting" (ECF No. 70). Because each of his filings are improper, the Court denies his motions (ECF Nos. 68 and 70) and strikes his proposed subpoena (ECF No. 66). In his motion regarding "new discoveries and parties," Plaintiff appears to seek discovery from Defendant and to explain what disclosures he can make. (ECF No. 68). In his motion "to request meeting," it appears that Plaintiff has filed his letter to Defendant requesting a meet and confer. (ECF No. 70). However, neither of these should have been filed with the Court. The Court considers these filings to be discovery papers under Local Rule 26-7 and Federal Rule of Civil Procedure 5(d)(1)(A), which should not be filed with the Court until they are used in the proceeding, unless the Court orders otherwise.

　　　　Additionally, the Court has already found that Plaintiff has been misusing subpoenas in this case by requesting them before discovery has begun and directing them to Defendant rather than using a discovery request. (ECF No. 65). The Court thus denied Plaintiff's previous motions to compel responses to these subpoenas and explained,

> "[s]ubpoenas can only request presence at a deposition or the production of documents from *nonparties*." *AAA v. Clark County*

*School District*, No. 2:20-cv-00195-JAD-BNW, 2022 WL 293236, at *5 (D. Nev. Feb. 1, 2022) (emphasis added). On the other hand, requests for production under Federal Rule of Civil Procedure 34, interrogatories under Rule 33, and requests for admission under Rule 36 are appropriately directed to parties in a litigation.

(*Id.* at 2).

But Plaintiff's newest proposed subpoena (ECF No. 66) still suffers from the same deficiencies. The parties do not have an operative discovery plan in place and Plaintiff's subpoena is directed to Defendant's counsel. (ECF No. 66). Plaintiff has also not demonstrated that he has met and conferred with Defendant's counsel. Nor has he explained whether he has attempted to obtain the information he seeks through a discovery request. Without these explanations, it appears that Plaintiff is conflating discovery requests with subpoenas. The Court thus construes Plaintiff's proposed subpoena to be discovery papers under Local Rule 26-7 and Federal Rule of Civil Procedure 5(d)(1)(A). Because discovery requests should not be filed with the Court until they are used in the proceeding, unless the Court orders otherwise, the Court strikes Plaintiff's proposed subpoena.

**IT IS THEREFORE ORDERED** that Plaintiff's motions (ECF Nos. 68 and 70) are **denied** and **stricken** as discovery papers. The Clerk of Court is kindly directed to **strike** ECF No. 68 and ECF No. 70 from the docket.

**IT IS FURTHER ORDERED** that Plaintiff's proposed subpoena (ECF No. 66) is **stricken.** The Clerk of Court is kindly directed to **strike** ECF No. 66 from the docket.

DATED: November 15, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE