UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Webb Hill,<br><br>                    Plaintiff<br><br>   v.<br><br>Wynn Las Vegas, LLC, et al.,<br><br>                    Defendants | Case No.: 2:21-cv-02113-CDS-DJA<br><br>Order Overruling Plaintiff's Objection to the Magistrate Judge's Order and Denying Plaintiff's Motions for Default<br><br>[ECF Nos. 82, 85, 86] |

Pro se plaintiff Webb Hill objects to Magistrate Judge Daniel J. Albregts's January 17, 2023, order and moves for entry of default against defendant Wynn Las Vegas. Because Hill does not request any particular form of relief in his objection, I overrule it. Also, I deny the motion for default judgment and the motion to default for the reasons stated below.

**I.    Hill's objection to the January 17, 2023, order (ECF No. 82) is overruled.**

The Wynn moved to extend time to respond to Hill's interrogatories served on December 14, 2022. Mot. to Extend, ECF No. 79. In its motion, the Wynn asserted that Hill had served 102 pages of "unintelligible and nonsensical" interrogatories but when it sought to stipulate to an extension of time to respond, Hill rejected its request. *Id.* at 2; ECF No. 79-2. No opposition to the motion was filed, and having found good cause, United States Magistrate Judge Daniel J. Albregts granted the Wynn's request thereby allowing it additional time to serve its answers and objections. Minute Order, ECF No. 80. Hill filed a pleading titled "Setting the Record Straight" which I now liberally construe as an objection to Judge Albregts's order. Obj., ECF No. 82.

Hill does not ask for any specific form of relief. Rather, he filed this "objection" because he seeks to "set[] the record straight." *Id.* at 2. He refutes that "[he] did not give a reason why [he] opposed the request" and contends that he did provide the Wynn with the reason for his denial of the extension of time. *Id.* But since Hill is not asking for any particular form of relief by way of this objection and is instead attempting to demonstrate that he provided a reason for denying the Wynn's request, I find it unnecessary to specifically address Hill's objection at this time. Thus, Hill's objection is overruled and the January 17, 2023, order is affirmed.

II. **Hill's motion for default judgment based on bad faith of defendant's discovery answers (ECF No. 85) and motion to default (ECF No. 86) are denied.**

Hill seeks entry of default due to "the defendant constantly refusing to comply with the subpoenas that [he] requested[.]" ECF No. 85 at 2; ECF No. 86 at 1. As a threshold matter, I note that Hill's previous four motions to compel compliance with and enforce his subpoenas were denied. Order, ECF No. 65. While a pro se litigant's submissions are "to be liberally construed, and . . . must be held to less stringent standards than formal pleadings drafted by lawyers[,]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), pro se litigants still "are not excused from following court rules." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997). Local Rule 7-2(d) provides, in relevant part, that "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." LR 7-2(d).[1] Hill's failure to file a coherent memorandum of points and authorities in support of his motions constitutes a consent to the denial of the motion under Local Rule 7-2(d). Thus, I deny Hill's motion for default judgment based on bad faith of defendant's discovery answers and the motion to default.

---

[1] "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").

### III. Conclusion

IT IS THEREFORE ORDERED plaintiff's objection **[ECF No. 82] is overruled** and that Judge Albregts's order issued January 17, 2023, (ECF No. 80) is AFFIRMED in its entirety.

IT IS FURTHER ORDERED that plaintiff's motions for default judgment **[ECF Nos. 85, 86]** are DENIED.

DATED: May 10, 2023

_____
Cristina D. Silva
United States District Judge