# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Webb Hill, | Case No. 2:21-cv-02113-CDS-DJA |
| Plaintiffs, | |
| v. | **Report and Recommendation** |
| Wynn Las Vegas, LLC d/b/a Encore Las Vegas, | |
| Defendant. | |

Before the Court is *pro se* Plaintiff Webb Hill's motion to amend his complaint, filed on June 8, 2023. (ECF No. 102). However, the deadline for amending pleadings or adding parties passed on February 21, 2023. (ECF No. 75). Because the Court finds that Plaintiff has not demonstrated good cause for missing the deadline to amend pleadings or add parties it recommends denying Plaintiff's motion to amend.

**I.     Discussion.**

Plaintiff's motion to amend seeks to add causes of action for breach of contract; fraud and embezzlement; refusal to arbitrate; harassment; and fraud via "work schedule tampering." (ECF No. 102). Plaintiff's motion also appears to add four additional defendants: Maurice Wooden, Wynn Las Vegas LLC's ("Wynn") treasurer[1]; Norbert Kubiak, Culinary Union 226's legal advisor; Felicia Gianone, Culinary Union 226's representative; and Salma Paz, a member of Wynn's human resources department. Plaintiff's motion does not contain any points and authorities. It also appears to abandon the claims for discrimination, retaliation, and intentional/negligent infliction of emotional distress contained in Plaintiff's first amended

---

[1] Wynn explains that Maurice Wooden served as Wynn's president from approximately 2013 through 2018 and was not its treasurer.

complaint. (ECF No. 16). Wynn responds and asserts that Plaintiff's motion is untimely under the parties' discovery plan and scheduling order and that Plaintiff has not demonstrated good cause under Federal Rule of Civil Procedure 16(b) for the late amendment. (ECF No. 104). Wynn adds that Plaintiff's amendments would be futile.

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

However, when the deadline for amending pleadings under a scheduling order has passed, the court's analysis must start with Rule 16(b). *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (court correctly applied Rule 16(b) because time to amend pleadings lapsed before party moved to amend); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (analysis begins with Rule 16(b) once deadline to amend pleadings has passed). Under Rule 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent." Unlike Rule 15(a)'s "liberal amendment policy[,] . . . Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (internal quotations and citations omitted); *see also Mammoth Recreations*, 975 F.2d at 609-10 (no good cause for amendment when movant knew of facts and theory from the beginning of the case and waited until four months after the deadline for amendments passed to move to amend).

Here, the Court finds that Plaintiff has not demonstrated good cause to amend his complaint. Plaintiff provides no reason why he waited until now to amend. Plaintiff also failed to file a reply including this information. While the Court recognizes the difficulties that face *pro*

*se* litigants representing themselves, on the other hand, it cannot manufacture arguments for Plaintiff. Because Plaintiff did not demonstrate good cause for not seeking to amend before the deadline, the Court recommends denying his motion without prejudice and with leave to re-file if Plaintiff believes he can demonstrate the good cause necessary.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion to amend (ECF No. 102) be **denied without prejudice.**

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: June 30, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE