# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
* * *

| | |
|---|---|
| Webb Hill,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Wynn Resorts Limited dba Encore Las Vegas,<br><br>　　　　　Defendant. | Case No. 2:21-cv-02113-CDS-DJA<br><br>**Report and Recommendation** |

This is an employment discrimination action. Plaintiff was initially represented by counsel, but has been proceeding *pro se* since his counsel withdrew. Defendant has moved a second time for case terminating sanctions due to Plaintiff's refusal to cooperate in discovery. (ECF No. 119). Because the Court finds that case terminating sanctions are warranted, it recommends granting Defendant's motion.

**I.     Discussion.**

Defendant first moved for sanctions, or in the alternative, to compel on May 22, 2023. (ECF Nos. 93, 94). Defendant explained that Plaintiff never provided Defendant with initial disclosures, refused to respond to Defendant's discovery requests, and failed to appear for his deposition. When Defendant met and conferred with Plaintiff, Plaintiff stated that *pro se* litigants are not required to comply with discovery requests or sit for depositions. Plaintiff did not respond to the motions for sanctions and to compel.

The Court set a hearing on Defendant's motions. (ECF No. 101). Plaintiff filed a motion to continue the day before the hearing and then did not appear at the hearing. (ECF No. 107). The Court rescheduled the hearing, at which rescheduled hearing Plaintiff appeared. (ECF No. 113). At that hearing, the Court ordered Plaintiff to respond to Defendant's discovery requests and to sit for his deposition. (*Id.*).

Defendant then moved to compel and for sanctions again, explaining that Plaintiff refused to answer questions in his deposition; provided evasive, nonresponsive, and nonsensical answers to Defendant's discovery requests; and failed to respond to certain requests altogether. (ECF Nos. 118, 119). Plaintiff filed a response to the motions that did not directly address the motions. (ECF No. 121). The Court set the motions for a hearing. (ECF No. 120). Plaintiff did not appear at the hearing. (ECF No. 128). At that hearing, the Court granted the motion to compel and indicated that it would issue a written recommendation on the motion for case ending sanctions. Because Plaintiff refuses to cooperate in discovery, the Court recommends granting Defendant's motion for case ending sanctions.

Rule 37 of the Federal Rules of Civil Procedure authorizes a wide range of sanctions for a party's failure to engage in discovery. The court has the authority under Rule 37(b) to impose litigation-ending sanctions. The Rule authorizes sanctions for a party's failure to make disclosures or cooperate in discovery. The Ninth Circuit has identified five factors that a district court must consider before dismissing a case or declaring a default: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997); *Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir. 1997).

Here, the first factor—the public's interest in expeditious resolution of litigation—weighs in favor of case ending sanctions. This case has been pending for nearly two years without much progress given Plaintiff's refusal to engage in discovery. The second factor—the Court's need to manage its docket—also weighs in favor of dismissal. Plaintiff has continually violated the Court's orders by filing discovery papers, rogue amended complaints, and improper filings on the docket. (ECF Nos. 44, 48, 71, 76, 98). And he has violated the Court's orders that he cooperate in discovery and appear for hearings. (ECF Nos. 105, 113, 128). The third factor—the risk of prejudice to Plaintiff—weighs against dismissal, along with the fourth factor—the public policy favoring disposition of cases on their merits. But these do not outweigh the other factors. This is

especially true considering the fact that lesser sanctions are not available. Plaintiff has indicated that he cannot pay any monetary sanctions. And his refusal to comply with Court orders makes it unlikely that he will comply with any lesser sanction.

**IT IS THEREFORE RECOMMENDED** that Defendant's motion for sanctions (ECF No. 119) be **GRANTED** and Plaintiff's case be **DISMISSED**.

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: October 31, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE