UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Webb Hill,

Plaintiff

v.

Wynn Resorts Limited *dba* Encore Las Vegas,

Defendant

Case No. 2:21-cv-02113-CDS-DJA

**Order Adopting the Magistrate Judge's Report and Recommendation, Granting Defendant's Second Motion for Sanctions, and Closing Case**

[ECF Nos. 1, 119, 129]

Pro se plaintiff Webb Hill brings this employment-discrimination and retaliation lawsuit against defendant Wynn Resorts Limited, doing business as Encore Las Vegas, alleging discrimination under Title VII, and retaliation under the Americans with Disabilities Act (ADA) and Family and Medical Leave Act (FMLA). Compl., ECF No. 1. Wynn moves for case terminating sanctions based on Hill's refusal to participate in the discovery process and for his willful failure to cooperate during his deposition. Mot. for Sanctions, ECF No. 119. United States Magistrate Judge Daniel Albregts now recommends that I grant Wynn's motion for case terminating sanctions and dismiss Hill's complaint. R&R, ECF No. 129. Hill had until November 14, 2023, to file an objection. *See* LR IB 3-2(a); Fed. R. Civ. P. 72(b)(2). To date, no objection to the R&R has been filed.

I.   Discussion

Where a party fails to object to a magistrate judge's recommendation, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but only if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the

court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Although I am not required to review Judge Albregts' R&R, I nonetheless conducted a de novo review and am satisfied that, under these circumstances, case terminating sanctions are appropriate.

Judge Albregts recommends that I award Wynn's case terminating sanctions for Hill's continued refusal to participate in discovery. ECF No. 129.[1] Upon review, I find that Judge Albregts appropriately examined the five balancing factors when considering whether the "harsh sanction" of dismissal is appropriate. *Id.* at 2–3; *see Hester v. Vision Airlines*, 687 F.3d 1162, 1169 (9th Cir. 2012). Judge Albregts notes that, although the case has been pending for over two years, Hill has failed to participate in any meaningful discovery, including failing to respond to discovery requests and failing to appear for his deposition. ECF No. 129 at 2. For example, despite court order, Hill refused to answer questions during his deposition; and provided evasive, nonresponsive, and nonsensical answers to defendant's discovery requests or failed to respond to certain requests altogether. *Id.* Because the court has repeatedly advised Hill that he must participate in the discovery process and Hill as repeatedly failed to comply, I find that Judge Albregts' decision that case-terminating sanctions are now warranted is not clearly erroneous or contrary to law. When a party has steadfastly refused to comply with court orders, and has demonstrated a habitual pattern of disregarding discovery obligations, terminating sanctions are appropriate and even necessary to preserve the integrity of the judicial process. *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1058 (9th Cir.1998) ("Where a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate."). Thus, I adopt the R&R in its entirety.

---

[1] The court notes that Hill has continually violated court orders to cooperate in discovery and appear for hearings. ECF Nos. 105, 113, 128.

II.     **Conclusion**

IT IS THEREFORE ORDERED that Judge Albregts' Report and Recommendation **[ECF No. 129] is accepted and adopted in full**.

IT IS FURTHER ORDERED that defendant's second motion for sanctions **[ECF No. 119] is GRANTED**.

IT IS FURTHER ORDERED that plaintiff's complaint **[ECF No. 1]** is dismissed. The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

DATED:  November 30, 2023

_____
Cristina D. Silva
United States District Judge